IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-245-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Marvin Dennis, a/k/a "Lump," | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

     This matter is before the court on Defendant's motion for relief under 28 U.S.C. § 2255.

Defendant's First Ground for Relief contends that he is entitled to resentencing "where invalid

predicate convictions were used per [*United States v. Simmons*, 649 F.3d 237 (4th Cir.

2011)]/[*Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S. Ct. 2577 (2010)]." Mot. at 4 (ECF No.

460).[1] The Government has responded in opposition, moving for summary judgment. An order was

entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Defendant of the

process and importance of responding to a dispositive motion. Defendant has replied to the

Government's motion, and this matter is ripe for resolution. For the reasons below, the court grants

the Government's motion and dismisses the § 2255 motion with prejudice.

### I. BACKGROUND

     Defendant's only Ground for Relief is that he should be entitled to relief from his designation

as a career offender under § 4B1.1 of the Guidelines because it is invalid under *United States v.*

*Simmons*, 649 F.3d 237 (4th Cir. 2011), and *Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S. Ct.

---

[1]Defendant's Second Ground for Relief argues that his § 2255 motion falls outside the scope of his plea agreement waiver because the plea agreement "falls under the doctrine of impractibility [sic] where performance is not impossible, but would be extremely burdensome." Mot. at 5. This is not a proper ground for relief. However, the court considers this argument in the overall assessment of Defendant's contention in Ground One.

2577 (2010).

In response, the Government seeks to enforce the waiver of post-conviction motions contained in Defendant's plea agreement and argues, in the alternative, that Defendant's claim is defaulted. In reply, Defendant argues that this § 2255 motion falls outside the scope of the waiver of post-conviction rights because the plea agreement is void based upon "mutual mistake" and that this "mistake resulted in [Defendant] pleading guilty in an erroneous fashion." Traverse at 6 (ECF No. 476).

On July 11, 2011, Defendant entered into an amended written plea agreement with the Government wherein he waived his right to direct appeal and his right to file a § 2255 motion, except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. Specifically, Defendant's plea agreement contained the following language:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

Amended Plea Agreement at 8 (ECF No. 330, filed July 11, 2011).

The current motion does not assert either ineffective assistance of counsel or prosecutorial misconduct, nor does it fall outside the scope of the waiver contained in the plea agreement. [2]

---

[2]Even assuming, for purposes of this footnote, that Defendant's designation as a career offender was error, Defendant's Guideline range was not based upon his career offender status, but rather based upon the statutory maximum for his offense of conviction (18 U.S.C. § 1951), which was twenty years' imprisonment. Added to this was the 120-month consecutive sentence imposed for his conviction under 18 U.S.C. § 924(c), for a total sentence of 360 months' imprisonment. Absent the statutory maximum sentence for the § 1951 conviction, Defendant's Guideline range would have been life imprisonment based upon an offense level 43, regardless of whether he was a career offender or not.

Accordingly, Defendant's claim is barred and the Government is entitled to summary judgment.[3]

## III. Conclusion

For the reasons noted above, Defendant's motion for appointment of counsel (ECF No. 461) is denied, and the Government's motion for summary judgment (ECF No. 470) is **granted**.

---

[3]In the alternative, the Government argues that Defendant's claim is procedurally defaulted as he failed to raise it in a direct appeal.

A defaulted claim is typically barred from collateral review. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006); see also *United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir.1989) (non-constitutional issues are deemed waived in a § 2255 motion if they were not raised on direct appeal). The Supreme Court has recognized an equitable exception to the bar, however, when a movant can demonstrate cause and prejudice, or when a miscarriage of justice would occur from a court's refusal to entertain the collateral attack. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 492-93. Actual prejudice is then shown by demonstrating that the error worked to Defendant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir.1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493.

The Supreme Court has held that an error of law, as distinguished from a constitutional error, is cognizable under § 2255 only if it "constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). As to whether a miscarriage of justice would result from this court's failure to consider Defendant's claim, the Fourth Circuit has previously held that the actual innocence exception may be applied in § 2255 to noncapital sentencing proceedings. *United States v. Maybeck*, 23 F.3d 888, 892-94 (4th Cir. 1994); *see also Mikalajunas*, 186 F.3d at 494. However, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 620 (Nov. 15, 2010). *See also Mikalajunas*, 186 F.3d at 494. In this case, Defendant does not maintain, even in responding to the Government's motion to dismiss, that he is factually innocent of the state drug convictions. Instead, Defendant argues that the legal classification of the crime in question precludes his being deemed a career offender. However, as noted above, "actual innocence" means that Defendant is innocent of the crime in question. *See Bousely v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency.").

Defendant's motion for relief under 28 U.S.C. § 2255 is **dismissed with prejudice**.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 7, 2012